IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02241-BNB

JERRY MURPHEY,

    Plaintiff,

v.

DENVER DETENTION CENTER [(] D.D.C.[)],
DENVER SHERRIFF [sic] DEPT. in,
CITY OF DENVER COUNTY OF DENVER in,
STATE OF COLORADO
COUNTY JAIL in,
CITY JAIL,
DENVER HEALTH MEDICAL, and
DOCTOR FOR MALPRACTICE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jerry Murphey, is incarcerated at the Denver County Jail. He filed *pro se* an amended Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983 and pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for injunctive relief and unspecified money damages and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7). He was granted leave to proceed pursuant to § 1915.

On October 16, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Murphey to file within thirty days a second amended Prisoner Complaint that properly asserted his claims pursuant to § 1983 only, sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleged the

personal participation of each named Defendant. The order warned Mr. Murphey that if he failed to file a second amended Prisoner Complaint as directed within the time allowed, some claims and Defendants, or the entire amended complaint and action, may be dismissed without further notice. On October 28 and November 19, 2013, partial payments of the filing fee were received by the Court. *See* ECF Nos. 13 and 14. However, Mr. Murphey has failed within the time allowed to comply with the directives of the October 16 order by filing a second amended complaint.

Mr. Murphey's allegations in the amended complaint are vague and conclusory. He alleges that he slipped on a wet floor and fell due to negligence by the sheriff's department, apparently injuring himself, and was unable to receive proper medical attention. He also makes generally incomprehensible allegations which appear to concern the medical care he believed he was denied, including pain medication, a magnetic resonance imaging (MRI) test, and an X-ray. Mr. Murphey fails to assert what injury, if any, he suffered from the fall. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Murphey also may not sue the Denver city and county state entities named as Defendants, and may not sue the state entity for money damages. Even treating the Defendant identified only as "Doctor for Malpractice" as a John Doe, Mr. Murphey failed

to allege sufficient facts to establish his personal participation in any constitutional violation or provide sufficient information so that he or she can be identified for purposes of service.

The amended Prisoner Complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure for the reasons stated in the October 16 order, and will be dismissed for failure to comply with Rule 8.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Murphey files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis*  in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint filed on September 18, 2013, and the action are dismissed without prejudice pursuant to Rules 8 and Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Jerry Murphey, within the time allowed to file a second amended Prisoner Complaint as directed in the order of October 16, 2013 (ECF No. 12).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED December 3, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court